THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| BELDEVERE ABARRIENTOS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TABLEAU SOFTWARE, INC., et al.,<br><br>Defendants. | No. 2:17-cv-01175-RAJ<br><br>CLASS ACTION<br><br>MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>**NOTE ON MOTION CALENDAR: October 13, 2017** |

1311602_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## MOTION

Plumbers and Pipefitters National Pension Fund (the "Pension Fund") will, and hereby does, move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, for an order appointing the Pension Fund as lead plaintiff and approving its selection of Robbins Geller Rudman & Dowd LLP as lead counsel.[1]

## MEMORANDUM OF LAW

### I. INTRODUCTION

This case is a putative securities class action lawsuit on behalf of purchasers or acquirers of Tableau Software, Inc. ("Tableau" or the "Company") securities between June 3, 2015 and February 4, 2016 (the "Class Period") alleging violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Plumbers and Pipefitters National Pension Fund (the "Pension Fund") respectfully submits it is the presumptively most adequate plaintiff in this case because it has filed a timely "motion in response to a notice," believes it has the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition,

[1] Pursuant to this Court's Standing Order (Dkt. No. 3 at ¶5), the undersigned counsel conferred with plaintiff Abarrientos' counsel regarding the substance of this Motion. Plaintiff Abarrientos' counsel will ascertain whether any opposition to this motion is necessary once all other motions have been filed. Because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), the Pension Fund cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on September 26th. Accordingly, the Pension Fund's counsel respectfully requests that compliance with the Standing Order be waived as to the unknown movants.

1311602_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

HAGENS BERMAN

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

- 1 -

the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the purported class is reasonable and should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

Because the Pension Fund satisfies the statutory criteria for appointment as lead plaintiff, the Court should grant its motion.

## II. FACTUAL BACKGROUND[2]

Tableau is a business analytics software company that produces interactive data visualization products designed to retrieve large volumes of data and quickly generate interactive dashboards, reports and other data visualization tools, with products like Tableau Desktop, Tableau Public, and Tableau Server. More than half of the Company's total revenue comes from licensing, which reflects revenue recognized from sales of licenses to new customer accounts and additional licenses to existing customer accounts. The Company's stock trades on the New York Stock Exchange under the ticker DATA.

After the Company completed its initial public offering in May 2013, it experienced a period of rapid growth. For example, during 2014, Tableau's total revenues increased by over $180 million, or 77%, and its all-important license revenues increased by $120 million, or 75%. Tableau consistently outperformed analyst expectations and often exceeded its own financial guidance by double digits, attributing its growth to investments in products and sales and marketing efforts. However, by the start of the Class Period, investors had begun to question whether the Company could sustain its rapid growth in the face of potential market saturation and the introduction of new competing products. In 2014, Microsoft announced its Power BI (*i.e.*, "business intelligence")

---

[2] The facts are based on the allegations in the *Abarrientos* Complaint. Dkt. No. 1. There is a virtually identical complaint pending in the Southern District of New York, *Scheufele v. Tableau Software, Inc.*, No. 1:17-cv-05753 (S.D.N.Y.) (the "*Scheufele* Action"). The Pension Fund is also filing a lead plaintiff motion in the *Scheufele* Action. If appointed lead plaintiff, the Pension Fund would seek to transfer and consolidate both actions in one forum.

1311604_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

HAGENS BERMAN

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

- 2 -

service, which would allow users to create data visualizations and dashboards and was viewed as a potential threat to Tableau's market share.

Despite these concerns, throughout the Class Period Tableau and its representatives downplayed the risks from competition and sought to reassure investors that the Company would continue to show significant growth. On July 29, 2015, during the Company's second quarter earnings call, CEO Chabot dismissed analyst concerns related to Microsoft's Power BI, stating "we haven't seen a change in the competitive dynamic." On the same day, the Company disclosed moderately softening license revenue growth for the quarter, but increased its guidance for full-year revenue to between $617 and $627 million. On this news, Tableau's stock price declined almost 11%.

On November 5, 2015, during Tableau's third quarter earnings call, Chabot stated: "We believe the forward situation will be similar to the historical ones." During this same call, an analyst questioned whether Tableau's "sequential license growth in [the fourth quarter] could be higher than the prior quarter," to which Chabot replied: "I think it is to be expected." Adding to the perception that Tableau would maintain its robust growth, the Company provided favorable preliminary guidance for 2016 and touted its massive investment in sales and marketing to drive license revenues.

The Complaint alleges that despite defendants' rosy representations, behind the scenes the Company was experiencing a dramatic reduction of its growth rate as a result of increased competition. Specifically, product launches and upgrades by major software competitors were negatively impacting Tableau's competitive position, profitability, and prospects.

Then, on January 7, 2016, Tableau abruptly disclosed that its Executive Vice President of Sales would leave the Company by the end of the year, signaling instability in its sales operations, which caused a 2.42% stock decline. A few weeks later, on February 4, 2016, the Company stunned investors when it announced its fourth quarter and full-year 2015 financial results. The Company






1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

disclosed that it had only earned $133 million in licensing revenues – well below analyst expectations – and revised downwards its guidance range for fiscal 2016 by $15 million. On this news, the price of Tableau stock fell more than 54% over two trading days to close at $37.22 per share by February 8, 2016, wiping out hundreds of millions of dollars in the Company's market capitalization.

## III. ARGUMENT

### A. The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in the *Scheufele* Action – the first-filed case – was published on July 28, 2017. *See* Declaration of Karl B. Barth in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Barth Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

1311604_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

- 4 -

HAGENS BERMAN

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Pension Fund meets these requirements and should therefore be appointed as Lead Plaintiff.

**1. This Motion Is Timely**

The July 28, 2017, statutory notice published in the first-filed *Scheufele* Action advised class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by September 26, 2017. *See* Barth Decl., Ex. A. Abarrientos' counsel also issued a press release on August 3, 2017 after this case was filed, which notice also noted the September 26, 2017 deadline. Barth Decl., Ex. B. Because this Motion is filed by the statutory deadline, it is timely.

**2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class**

As evidenced by its Certification, the Pension Fund expended more than $3.6 million purchasing 35,800 shares of Tableau stock during the Class Period at artificially inflated prices as high as $120.49 per share, and suffered harm of approximately $1.4 million as the price of Tableau stock declined. *See* Barth Decl., Exs. C, D.[3] To the best of the Pension Fund's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

**3. The Pension Fund Is Typical and Adequate of the Purported Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and

---

[3] The Pension Fund's loss is the same regardless of whether the first in, first out or last in, first out accounting method is used.

1311602_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

HAGENS BERMAN

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

- 5 -

adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Pension Fund satisfies these requirements at this stage of the litigation.

Here, the Pension Fund suffered a significant loss on its Class Period investment in Tableau stock and is motivated to diligently pursue the putative class's claims. *See* Barth Decl., Exs. C-D. In addition, the Pension Fund is an institutional investor with prior experience serving as lead plaintiff in a securities class action case. The Pension Fund does not have any conflict of interest between its claims and those of the putative class and is not subject to any unique defenses. Finally, the Pension Fund has selected qualified counsel to represent it and the putative class. *See* §III.B., *infra*.

Because the PSLRA's requirements have been satisfied, the Court should grant the Pension Fund's Motion.

**B. The Court Should Approve the Pension Fund's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Pension Fund has selected Robbins Geller as lead counsel. *See* Barth Decl., Ex. E.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly practices complex securities litigation. Barth Decl., Ex. E. Courts throughout the country, including those in this

1311602_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

- 6 -

HAGENS BERMAN

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See* Barth Decl., Ex. E.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Retirement System's selection of Robbins Geller as lead counsel is reasonable and should be approved.

**IV. CONCLUSION**

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Pension Fund respectfully requests that the Court grant its motion for appointment as lead plaintiff and approval of its selection of counsel.

DATED: September 26, 2017

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN, WSBA #12536
KARL P. BARTH, WSBA #22780

s/ Karl P. Barth
KARL P. BARTH

1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com
karlb@hbsslaw.com

Local Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

1311604_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

- 7 -

HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
Telephone: 202/362-0041
202/362-2640 (fax)

Additional Counsel for Plaintiff

1311602_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

- 8 -

HAGENS BERMAN
1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 26, 2017.

s/ KARL P. BARTH
KARL P. BARTH

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)
E-mail: karlb@hbsslaw.com

1311602_1

PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF (2:17-cv-01175-RAJ)

HAGENS BERMAN

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# Mailing Information for a Case 2:17-cv-01175-RAJ Abarrientos v. Tableau Software, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Clifford A Cantor**
  cliff.cantor@outlook.com,cliffcantor@hotmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)